**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Capreese Nyandja,<br><br>                Plaintiff,<br>vs.<br><br>Steptoe & Johnson PLLC, et al.,<br><br>                Defendants. | No. CV-21-00968-PHX-SPL<br><br>**ORDER** |

      Before the Court are Movant Synthia Byrd's Motion for Extension (Doc. 34) and Defendant Steptoe & Johnson LLP's Motion to Dismiss for Lack of Substitution (Doc. 36). The procedural history of this case is unusual. Plaintiff Capreese Nyandja filed this action alleging various claims of employment discrimination on June 3, 2021. (Doc. 1). Defendant Steptoe & Johnson LLP timely filed an Answer on August 5, 2021. (Doc. 11). The Court issued a Scheduling Order that set a June 10, 2022 deadline for discovery and a July 10, 2022 deadline for dispositive motions. (Doc. 16). On April 12, 2022, the Court granted a sixty-day extension, setting a discovery deadline of August 10, 2022, and a dispositive motion deadline of September 9, 2022.

      On April 15, 2022, Plaintiff's then-counsel filed a Motion to Withdraw without Plaintiff's consent. (Doc. 23). The Court denied the Motion without prejudice because counsel did not set forth justifiable cause for withdrawal. (Doc. 25). On April 22, 2022, counsel filed a Renewed Motion to Withdraw, stating that "significant and irreconcilable differences of opinion between counsel and client regarding the means by which this case

is conducted make further representation impractical." (Doc. 26 at 1). The Court granted the Motion and ordered counsel to serve a copy of the Order on Plaintiff. (Doc. 27). On April 29, 2022, Plaintiff's former counsel filed a Notice of Service of Order stating that he served Plaintiff with the Order via mail and email. (Doc. 28 at 1). The Notice also stated that counsel had subsequently learned from Defendant's counsel that Plaintiff had died. (Doc. 28 at 1). The Notice said that Plaintiff's counsel had located and spoken to Plaintiff's next-of-kin and personal representative, Synthia Byrd, and emailed Ms. Byrd copies of certain case documents. (Doc. 28 at 1–2).

After that, nothing was filed in this case until September 23, 2022, when, after passage of the dispositive motion deadline, the Court set a Final Pretrial Conference for December 1, 2022. (Doc. 29). On November 4, 2022, Defendant filed a Notice of Settlement (Doc. 30), so the Court vacated the Final Pretrial Conference and set a dismissal date of December 9, 2022. (Doc. 31). On November 21, 2022, Defendant filed a Motion to Enforce Settlement, asserting that Defendant and "Synthia Anderson, personal representative of the Estate of Capreese Nyandja,"[1] had reached an agreement on settlement terms but that Ms. Anderson was then refusing to sign off on the agreement. (Doc. 32). On December 5, 2022, the Court denied the Motion to Enforce without prejudice and extended the dismissal date to January 9, 2023. (Doc. 33). The Court noted that Ms. Anderson is not a party to this case and that Defendant cited no authority to suggest that the Court can enforce a settlement entered into by a non-party. (Doc. 33 at 1).

On January 3, 2023, Movant Synthia Byrd filed the pending Motion for Extension of the dismissal date, asserting that she had "filed . . . in probate court to be legally appointed so that [she] can represent [her] daughter" and needed additional time "to prepare for this case." (Doc. 34). On January 6, 2023, Defendant filed the pending Motion to Dismiss, arguing that the case must be dismissed for failure to substitute pursuant to

---

[1] It appears that Synthia Byrd, as she was referred to by Plaintiff's counsel, and Synthia Anderson, as she was referred to by Defendant's counsel, refer to the same person, though no explanation for the discrepancy is given.

Federal Rule of Civil Procedure ("Rule") 25(a)(1). (Doc. 36).

Rule 25(a)(1) provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative," but "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by . . . the decedent must be dismissed." Still, "the 90 day period provided by Rule 25(a)(1) will not be triggered . . . until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4." *Barlow v. Ground*, 39 F.3d 231, 233–34 (9th Cir. 1994); *see* Fed. R. Civ. P. 25(a)(3); *see also In re MGM Sec. Litig.*, 282 F.R.D. 600, 602 (D. Nev. 2012).

Here, Plaintiff's former counsel's April 29, 2022 Notice did indicate Plaintiff's death on the record and noted that counsel spoke to Ms. Byrd, the personal representative of Plaintiff's estate, about the case. But there is no indication that Ms. Byrd was formally served in accordance with Rule 4, and the Ninth Circuit's interpretation of Rule 25 is clear that the 90-day period for dismissal therefore has not begun to run. *See Barlow*, 39 F.3d at 233 (noting that one purpose of personal service of a notice of death is to "alert[ ] the nonparty to the consequences of death to a pending suit, signaling the need for action to preserve the claim if so desired" (internal quotation marks omitted)). Defendant's Motion to Dismiss will therefore be denied.

The remaining question, then, is how this case should proceed, as it is currently languishing in anticipation of either a potential settlement or a Final Pretrial Conference.[2] The Court will order Defendant to serve a statement noting Plaintiff's death, along with a copy of this Order, on the appropriate representative in accordance with Rule 4, which will trigger Rule 25(a)(1)'s 90-day period for a motion for substitution to be filed; *if a motion to substitute is not filed within 90 days of service, this case will be dismissed pursuant to*

---

[2] The Court does not make any suggestion that the parties should or should not settle; the Court does not involve itself in settlement discussions between the parties. In addition, nothing in this Order should be read to preclude, discourage, or encourage Defendant in renewing its Motion to Enforce Settlement at an appropriate time, per the Court's December 5, 2022 Order (Doc. 33), nor should it be read to express any views on the merits of any such Motion.

*Rule 25(a)(1)*. If a motion to substitute is granted, the Court intends to immediately reset a Final Pretrial Conference because the time for discovery and dispositive motions has long passed. In the meantime, the Court will vacate the dismissal date for this action. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Case for Lack of Substitution (Doc. 36) is **denied**.

**IT IS FURTHER ORDERED** that no later than **February 13, 2023**, Defendant shall (1) serve a statement noting Plaintiff's death, along with a copy of this Order, on the appropriate representative of Plaintiff's estate in the manner provided by Rule 4, and (2) file the statement noting death and proof of service with this Court.

**IT IS FURTHER ORDERED** that if Plaintiff's successor or representative fails to file a motion to substitute within **ninety (90) days** of being served with the statement noting Plaintiff's death, this case will be dismissed without further notice in accordance with Rule 25.

**IT IS FURTHER ORDERED** that the January 9, 2023 dismissal deadline is **vacated**.

**IT IS FURTHER ORDERED** that Movant Synthia Byrd's Motion for Extension (Doc. 34) is **denied as moot**.

Dated this 2nd day of February, 2023.

Honorable Steven P. Logan
United States District Judge